IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARY MAXINE CRISP,

        Plaintiff,

v.                                         No.  1:10-cv-01025-JDB-egb

UNITED STATES OF AMERICA,

        Defendant.

_____

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

This is a premises liability case arising out of a trip and fall at the United States Post Office in Bolivar, Tennessee.  Plaintiff, Mary Maxine Crisp, instituted the action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 to 2680, against Defendant, United States of America, alleging that its negligence caused her fall and resulting injuries. Before the Court is the Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Docket Entry ("D.E.") No. 14.)  For the reasons discussed herein, Defendant's motion is GRANTED.

I.      FACTUAL BACKGROUND

As a preliminary matter, the Court must address a procedural issue.  The United States and Crisp have not complied with the local rules of this Court governing motions for summary judgment.  When a party seeks summary judgment, Local Rule 56.1 requires the motion to

> be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.  Each fact shall be set forth in a separate, numbered paragraph.  Each fact shall be supported by specific citation to the record.  If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact,

1

> the proponent shall affix to the memorandum copies of the precise
> portions of the record relied upon as evidence of this assertion.

LR 56.1(a), Local Rules of the United States District Court for the Western District of Tennessee (2011). This requirement "assist[s] the Court in ascertaining whether there are any material facts in dispute . . . ." Id. Any party opposing the motion must "respond to each fact set forth by the movant," and "[e]ach disputed fact must be supported by specific citation to the record." LR 56.1(b). The opponent may also submit "a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." Id. Although Plaintiff and Defendant have included a statement of facts in narrative form in their memorandums, neither submitted a separate statement of material facts with each fact set forth in a separately numbered paragraph. Counsel for the parties are admonished to comply with the local rules of this Court in all future filings.

Turning to the facts of the case, Plaintiff drove to the Bolivar Post Office to mail a letter on November 14, 2007, at approximately 7:00 p.m. (Depo. of Mary Crisp 18, D.E. No. 14-2.) It had rained much of the day and was still sprinkling rain when Crisp arrived. (Id. at 18, 20.) Earlier, the post office custodian placed a metal "Caution Wet Floors" sign at the top of the post office front steps. (Depo. of Danny Bishop 16, D.E. 14-3.) Plaintiff entered the post office to deposit her letter and, upon exiting, allegedly caught her left foot on the metal sign and tripped down the concrete steps. (Crisp Depo. 21-22, 34-35, D.E. No. 14-2.) The sign fell over and landed on top of her. (Id. at 22, 34-35.) Crisp's fall purportedly injured her right shoulder, neck, right knee, and lower back. (Administrative Claim, D.E. No. 14-5.)

Plaintiff is a lifelong resident of Bolivar, Tennessee. (Crisp Depo. 23, D.E. No. 14-2.) She routinely frequented the Bolivar Post Office and acknowledged previously seeing the sign outside the building. (Id. at 22-24.) However, Crisp stated that she did not notice it on the night

of her fall because she "wasn't looking for all that" and "wasn't paying any attention to the sign." (Id. at 21, 23.)  Plaintiff indicated that she "was just trying to come on out and get to church" when she fell.  (Id. at 22.)

The sign over which Plaintiff tripped is bright yellow and black in color and stands at eye-level height.  (Decl. of Danny Bishop ¶ 4, D.E. No. 14-4; Ex. A to Bishop Decl., D.E. No. 14-4.)  It weighs approximately 31 pounds and is mounted on a sixteen by sixteen inch solid steel base.  (Bishop Decl. ¶ 4, D.E. No. 14-4.)  The post office custodian normally places the sign outside on the post office front porch when it has been raining, and Defendant does not dispute that it was out on the night of Plaintiff's accident.  (Bishop Depo. 16, D.E. No. 14-3; Mem. in Supp. of Def.'s Mot. for Summ. J. 3, D.E. 14-1.)  In support of its motion, Defendant has submitted photographs taken by Bishop when investigating Crisp's accident.  (Ex. A to Bishop Decl., D.E. No. 14-4.)  He states that they depict the sign's condition and placement on the porch in November 2007.  (Bishop Decl. ¶ 4, D.E. No. 14-4.)

Crisp contends that the sign constituted an unsafe condition on the post office premises. (Compl. ¶ 24, D.E. No. 1.)  In her complaint, Plaintiff alleged that the sign was 1) unreasonably dangerous, 2) not secured or attached to the hand rail or any other stationary object, 3) placed in the line of traffic entering and exiting the post office, and 4) not properly maintained.  (Id. at ¶¶ 17, 19-21.)  Additionally, she claimed that the lighting at the post office was insufficient.  (Id. at ¶ 22.)  Plaintiff argues that Defendant had a duty to maintain reasonably safe premises and warn her of unsafe conditions, that Defendant breached those duties, and that its breach was the proximate cause of her injuries.  (Id. at ¶¶ 27-33.)  Defendant seeks dismissal of this lawsuit, arguing that there are no genuine issues of material of fact and that it is entitled to judgment under the rules of Tennessee tort law.  (Def.'s Mot. for Summ. J., D.E. No. 14.)

II.      STANDARD OF REVIEW

Rule 56(a) of the Federal Rules of Civil Procedure provides that

> [a] party may move for summary judgment, identifying each claim
> or defense—or the part of each claim or defense—on which
> summary judgment is sought.   The court shall grant summary
> judgment if the movant shows that there is no genuine dispute as to
> any material fact and the movant is entitled to judgment as a matter
> of law.   The court should state on the record the reasons for
> granting or denying the motion.

Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91

L. Ed. 2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharm., Inc., 862 F.2d 597, 601 (6th

Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the

light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  When the motion is

supported by documentary proof such as depositions and affidavits, the nonmoving party may

not rest on his pleadings but, rather, must present some "specific facts showing that there is a

genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.  It is not sufficient "simply

[to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus.

Co., 475 U.S. at 586, 106 S. Ct. at 1356.  These facts must be more than a "scintilla of evidence"

and must meet the standard of whether a reasonable juror could find by a preponderance of the

evidence that the nonmoving party is entitled to a verdict.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).  "The judge may not make

credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir.

1994).

III.    ANALYSIS

The FTCA is a limited statutory waiver of the Untied States' sovereign immunity for the purpose of compensating persons injured by the negligent acts of federal government employees. Molzof v. United States, 502 U.S. 301, 304-05, 112 S. Ct. 711, 714, 116 L. Ed. 2d 731 (1992). The statute provides that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.  The exclusive jurisdiction to adjudicate these claims resides in the United States district courts.  See 28 U.S.C. § 1346(b)(1).

Although Federal Rule of Civil Procedure 56 and associated federal precedent set the standard for summary judgment, the substantive law for the state where the incident occurred controls in FTCA actions.  Id.; Molzof, 502 U.S. at 305, 112 S. Ct. at 714; Mass. Bonding & Ins. Co. v. United States, 352 U.S. 128, 129, 77 S. Ct. 186, 187, 1 L. Ed. 2d 189 (1956); Premo v. United States, 599 F.3d 540, 545 (6th Cir. 2010).  Because Plaintiff's accident occurred in Tennessee, the substantive law of that state governs the liability of the United States.

A.    FTCA Exhaustion Requirement

The Court will intially address Defendant's argument that it lacks jurisdiction to consider Plaintiff's allegations that inadequate lighting and/or wet flooring contributed to her accident. (Def.'s Mot. for Summ. J. ¶ 8, D.E. No. 14.)  Before filing suit under the FTCA, a claimant first must present her claim to the appropriate federal agency and have that claim denied. [1]  28 U.S.C.

---

[1] The administrative exhaustion provision states in part that

[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal

§ 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d. 21 (1993); <u>Lundstrum v. Lyng</u>, 954 F.2d 1142, 1145 (6th Cir. 1991) (per curiam).  Administrative exhaustion is a jurisdictional prerequisite to bringing suit under the FTCA.  <u>Pryor Oil Co. v. United States</u>, 299 F. Supp. 2d 804, 809-10 (E.D. Tenn. 2003).  The requirement aims "to reduce congestion of federal courts' dockets and to speed fair treatment of those asserting claims against the federal government."  <u>Douglas v. United States</u>, 658 F.2d 445, 447 (6th Cir. 1981); <u>see also</u> <u>Burchfield v. United States</u>, 168 F.3d 1252, 1255 (11th Cir. 1999) (discussing legislative history and dual purpose of section 2675(a) in "encourag[ing] prompt settlement of claims and [ensuring] fairness to FTCA litigants").

The exhaustion requirement of section 2675(a) is satisfied "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim."  <u>Douglas</u>, 658 F.2d at 447 (quoting <u>Adams v. United States</u>, 615 F.2d 284, 289 (5th Cir.), <u>reh'g denied</u>, 622 F.2d 197 (5th Cir. 1980)).  Defendant's argument focuses on the first prong of the <u>Douglas</u> conditions.[2]  Prior to bringing the present suit, Plaintiff attempted to obtain administrative relief by filing a Standard Form-95 on February 6, 2009.  (Ex. A to Putman Decl., D.E. No. 14-5.)  In her narrative of the accident, Crisp did not include any assertions regarding inadequate lighting or wet floors.  (<u>Id.</u>)  The Government argues that this omission from the administrative filing leaves the issues unexhausted and thus beyond the subject matter jurisdiction of the Court.

---

       agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).

[2] It is undisputed that Plaintiff placed a sum certain on her claim in section 12 of her SF-95 submission. (Ex. A to Putman Decl., D.E. No. 14-5.)

In her response, Plaintiff did not address Defendant's lack of jurisdiction argument on this issue.  Additionally, when discussing the merits of her claim, Crisp made no mention of those conditions or whether they contributed to her fall.  Consequently, the Court finds that Plaintiff has waived these bases for her negligence claim, and the Court will not consider them in evaluating Defendant's motion.

B.      United States' Liability for Negligence

To prevail on a claim of negligence under Tennessee law, Plaintiff must establish five elements: "(1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause."  McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995).  "The first element, that of duty, . . . is the legal obligation of a defendant to conform to a reasonable person's standard of care in order to protect against unreasonable risks of harm."  Giggers v. Memphis Hous. Auth., 277 S.W.3d 359, 364 (Tenn. 2009).  "To determine whether a particular defendant owes a duty of care to a particular plaintiff, [the court is to] balance the foreseeability and gravity of the potential harm against the feasibility and availability of alternatives that would have prevented the harm."  Hale v. Ostrow, 166 S.W.3d 713, 716 (Tenn. 2005) (citing Coln v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998), overruled on other grounds by Cross v. City of Memphis, 20 S.W.3d 642 (Tenn. 2000)).  Whether the defendant owed the plaintiff a duty of care is a question of law.  Id.

For the purposes of premises liability analysis, the parties appear to agree that the United States is classified as a business owner and Crisp as a business invitee.  Under Tennessee law, "[b]usiness proprietors are not insurers of their patrons' safety."  Blair v. West Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004); accord McClung v. Delta Square Ltd. P'Ship, 937 S.W.2d 891,

902 (Tenn. 1996).  Owners only must exercise "due care under all the circumstances." Blair, 130 S.W.3d at 764.  When a dangerous or defective condition on the owner's premises causes harm to a plaintiff, she must prove the standard negligence elements, as well as that: "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Id.  "The duty imposed on the premises owner or occupier, however, does not include the responsibility to remove or warn against conditions from which no unreasonable risk was to be anticipated . . . ." Rice v. Sabir, 979 S.W.2d 305, 309 (Tenn. 1998) (internal quotation marks omitted).

Prior to 1998, Tennessee courts followed an "open and obvious" rule that precluded recovery "for injuries sustained from dangers that were 'obvious, reasonably apparent, or as well known to the invitee [or licensee] as to the owner.'" Coln, 966 S.W.2d at 40 (citing Kendall Oil Co. v. Payne, 293 S.W.2d 40, 42 (Tenn. Ct. App. 1955)).  However, after moving to a comparative fault system, see McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), Tennessee courts abandoned the open and obvious rule for one that simply included those conditions as factors weighing on the foreseeability and gravity of harm.  Coln, 966 S.W.2d at 42-43.   In Coln, Tennessee Supreme Court stated that "the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm." Id. at 43.  "[I]f the foreseeability and gravity of harm posed from a defendant's conduct, even if 'open and obvious,' outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care." Id.

Crisp argues that the "Caution Wet Floors" sign was in an unreasonably dangerous and defective condition because it: 1) was not secured to the hand rail or another stationary object; 2) was placed in the line of traffic entering and exiting the post office; and 3) was not properly maintained because one of four small round bases upon which the sign rested was missing.  (Pl.'s Mem. in Opp'n to Mot. for Summ. J. 2, D.E. No. 18-1.)

The Court will first consider whether the sign was improperly placed in the line of traffic for post office patrons.  Photographs recreating the scene of the accident show the sign sitting atop the post office porch, directly in front of the entrance doors, and against a railing that divides the front steps and a handicap accessible ramp.  (Ex. A. to Bishop Decl. ¶ 4, D.E. No. 14-4.)  The sign stands at eye level and is bright yellow and black in color.  (Id.)  As Crisp entered the post office, she passed by the sign.  Despite having observed the sign on previous occasions, she stated that she did not recall seeing it that night because she "just wasn't looking for" it. (Crisp Depo. 21-24, D.E. No. 14-2.)

In light of the open and obvious position of the sign, the foreseeability and gravity of harm to Plaintiff was slight.   Arrambide v. Wal-Mart Stores, Inc., 33 F. App'x 199, 201-02 (6th Cir. 2002) (per curiam) (foreseeability and gravity of harm was minimal where pallet laying in floor of narrow Wal-Mart isle was open and obvious); Chism v. Seaton Sales & Servs., Inc., No. 08-1142 B, 2009 WL 2971886, at *6 (W.D. Tenn. Sept. 1, 2009) (open and obviousness of condition reduced foreseeability and gravity of harm to plaintiff); Minias v. Historic Hotels of Nashville, L.L.C., No. 3:07-0623, 2008 WL 2437734, at *6 (M.D. Tenn. June 13, 2008) (no duty to warn of open and obvious curb that plaintiff tripped over).  The sign contained bright coloring with "CAUTION WET FLOORS" in all capital lettering and was at eye level a few feet from the front door.  It was clearly visible for patrons to see.  Additionally, because Plaintiff had

9

frequented the post office, noticed the sign on prior occasions, and passed by it when entering the post office on the night of her fall, she had sufficient opportunity to observe the sign and walk around it.  See Herbison v. Hansen Chrysler-Plymouth, Inc., No. 01A01-9710-CV-00594, 1998 WL 485668, at *3 (Tenn. Ct. App. Aug. 19, 1998) ("Even though the attention of the injured party may have been diverted by his search for the parts department, he had adequate opportunity to familiarize himself with the nature of his pathway in his previous visits and, on the day of his injury as he approached the doorway from the parking lot.").

The burden for the post office to move the sign also would be high because doing so would decrease its efficacy.  The purpose of the caution sign is to warn post office patrons of the potential dangers from wet floors.  To achieve this purpose, the sign must be positioned where it will be seen, and placing the sign in the line of traffic entering and exiting the post office is a reasonable method of attracting the attention of the customer.  Thus, the need for the caution sign to be situated where it is noticeable weighs against finding that Defendant could have engaged in alternative conduct to prevent the harm.  In consideration of the obviousness of the sign, Crisp's opportunities to see the sign and navigate around it and the need for it to be in a visible location, the Court finds that the foreseeability and gravity of harm posed from the sign's placement in the line of traffic did not outweigh the burden on the defendant to engage in alternative conduct.  Moreover, this determination is bolstered by the fact that the post office has received no other reports of customers injuring themselves due to the sign's location.  (Bishop Depo. 14, D.E. No. 14-3; Bishop Decl. ¶ 3, D.E. No. 14-4; Putman Decl. ¶ 3, D.E. No. 14-5.)

Plaintiff next argues that the sign was unreasonably dangerous because it was unstable and "not properly secured to the hand rail or other stationary object."  (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. 2, D.E. No. 18-1.)  This theory also fails.  First, as discussed above, the

foreseeability and gravity of harm from tripping over the sign is minimal.  Next, because the sign warned of a temporary condition (wet floors), the sign's presence also must reasonably be expected to be temporary.  When not being used, the caution sign sat in a custodian's closet in the back of the post office.  (Bishop Depo. 19, D.E. No. 14-3.)  The custodian moved it outside to the front steps anytime it was raining.  (Id.)  Because of the sign's short-term nature, Plaintiff could not have reasonably expected it to be immovable and secured to the handrail when she walked into it.  Moreover, due to the need to bring the warning sign in and out of the post office each time it rained, rigidly securing it to a handrail would be unreasonable.

In sum, the foreseeability and gravity of harm to Plaintiff from tripping over the post office's caution sign was minimal because of its open and obvious nature.  Arrambide, 33 F. App'x at 201-02.  Additionally, the sign's location in the line of traffic was necessary to warn customers of potentially wet floors, and it needed to be detached so as to be easily relocated.   In light of these factors, the foreseeability and gravity of harm posed from the sign did not outweigh the burden on the United States to engage in alternative conduct, and Defendant was under no duty to protect Crisp from tripping over it.  Coln, 966 S.W.2d at 43.

Lastly, Plaintiff puts forward a theory of negligence based on an alleged defect to the sign.  She claims that one of four small round bases upon which the sign rests was missing.  (Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. 2, D.E. No. 18-1.)  Plaintiff states that photographs made an exhibit to Postmaster Danny Bishop's deposition clearly show the sign's defective condition.  However, none of the photographs made part of the record reflect a missing round base or even that the sign sits on small round bases.[3]  (Ex. A to Bishop Decl., D.E. No. 14-4.)  At most the photographs evidence that there could be something mounted below each of the

---

[3] The only photographic evidence in the record is attached as an exhibit to Bishop's declaration.  (Ex. A to Bishop Decl., D.E. No. 14-4.)  No separate photographs were submitted as a part of his deposition.

four corners to the square metal base.  Without any proof in the record to establish that the sign was actually defective, no reasonable trier of fact could hold the Defendant liable under this theory.  See Gordon v. By-Lo Mkts., Inc., No. E2009–02436–COA–R3–CV, 2010 WL 3895541, at *3 (Tenn. Ct. App. Oct. 5, 2010) (affirming grant of summary judgment where photographs of accident scene did not show dangerous or defective condition), appeal denied, (Tenn. Mar. 9, 2011); Barron v. Stephenson, No. W2004-02906-COA-R3-CV, 2006 WL 16310, at *4-5 (Tenn. Ct. App. Jan. 4, 2006) (summary judgment appropriate where evidence failed to show dangerous or defective condition).

Even assuming this defect did exist at the time of her accident, Plaintiff has failed to prove that such a condition was created by Defendant or that Defendant had actual or constructive notice of it.  See Blair, 130 S.W.3d at 764.  Plaintiff has not alleged that any postal service employee created the condition by removing the base or that the base was missing when the custodian placed the sign on the porch.  The only testimony in the record regarding the sign's base is Bishop's statement that he had no knowledge of any defect.  (Bishop Depo. 24, D.E. No. 14-3.)  Thus, there is no genuine issue of material fact as to actual notice.  Constructive notice generally "cannot be established without some showing of the length of time the dangerous condition had existed."  Hardesty v. Serv. Merch. Co., 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997), app. denied, (Tenn. June 30, 1997).  Plaintiff has failed to suggest, let alone prove, the length of time the base was allegedly missing.  Also, she has failed to demonstrate constructive notice through "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence."  Blair, 130 S.W.3d at 765-66.  Thus, no

reasonable juror could find that Defendant created or had actual or constructive notice of the allegedly defective condition.[4]

IV.    CONCLUSION

In accordance with the foregoing, summary judgment for the United States is appropriate under the circumstances of this case.  Defendant's motion is therefore GRANTED, and the clerk is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED this 1st day of July, 2011.


s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] Even if Plaintiff had shown that there was a genuine issue as to the allegedly missing base, she has not established that this issue is material to the outcome of the dispute.  Plaintiff has not shown how the absence of one admittedly small base normally affixed to the bottom of the large square base would make the sign anymore of a hazard than if all four bases were present.